UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BENJAMIN DOUGHERTY,**

      **Plaintiff,**

   v.                       CASE NO.: 4:21-cv-00269-MW-MAF

**AERIE PHARMACEUTICALS, INC.**

      **Defendant.**
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, AERIE PHARMACEUTICALS, INC. ("Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Second Amended Complaint (the "Second Amended Complaint") filed by Plaintiff, BENJAMIN DOUGHERTY ("Plaintiff") and states as follows:

### NATURE OF THE ACTION

1.    Defendant admits that Plaintiff purports to bring an action for alleged violations of Chapter 448, Florida Statutes, but denies it violated Plaintiff's rights in any manner or that it is liable to Plaintiff in any respect.

1

2. Defendant admits that Plaintiff purports to bring an action involving claims in excess of Thirty Thousand Dollars ($30,000.00), but denies it violated Plaintiff's rights in any manner or that it is liable to Plaintiff in any respect.

## THE PARTIES

3. With respect to the allegations in Paragraph 3 of the Second Amended Complaint, Defendant admits Plaintiff was employed by Defendant, and during the time Plaintiff was employed by Defendant, Plaintiff represented that he was a resident of the State of Florida. Defendant denies the remaining allegations in Paragraph 3 of the Second Amended Complaint, and further denies that it violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

4. Defendant admits it conducts business in the State of Florida and it was Plaintiff's employer as that term is defined in Chapter 448, Florida Statutes. Defendant denies the remaining allegations in Paragraph 4 of the Second Amended Complaint, and further denies it violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

## CONDITIONS PRECEDENT

5. Defendant is without knowledge of the allegations in Paragraph 5 of the Second Amended Complaint, and therefore denies same.

## STATEMENT OF FACTS

6. Defendant admits that Plaintiff was employed by Defendant as a Territory Sales Manager from March 19, 2018, to March 5, 2020. Defendant denies the remaining allegations in Paragraph 6 of the Second Amended Complaint and further denies that it violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

7. Defendant denies the allegations in Paragraph 7 of the Second Amended Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Second Amended Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Second Amended Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Second Amended Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Second Amended Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Second Amended Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Second Amended Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Second Amended Complaint as stated.

15. Defendant denies the allegations in Paragraph 15 of the Second Amended Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Second Amended Complaint, but denies any implication that it violated the law in any respect.

17. Defendant denies the allegations in Paragraph 17 of the Second Amended Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Second Amended Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Second Amended Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Second Amended Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Second Amended Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Second Amended Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Second Amended Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Second Amended Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Second Amended Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Second Amended Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Second Amended Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Second Amended Complaint

29. Defendant denies the allegations in Paragraph 29 of the Second Amended Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Second Amended Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Second Amended Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Second Amended Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Second Amended Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Second Amended Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Second Amended Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Second Amended Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Second Amended Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Second Amended Complaint.

39. Defendant admits that Plaintiff's employment was terminated on or about March 5, 2020, but denies the remaining allegations in Paragraph 39 of the Second Amended Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Second Amended Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Second Amended Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Second Amended Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Second Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Second Amended Complaint.

45. Defendant is without knowledge or information sufficient to admit or deny Plaintiff's agreement with his attorney, and therefore denies the allegations in Paragraph 45 of the Second Amended Complaint or that Plaintiff is entitled to any of the relief requested therein. Defendant further denies that it violated Plaintiff's rights in any manner or that it is liable to Plaintiff in any respect.

## COUNT I
## PRIVATE WHISTLEBLOWER RETALIATION

46. Defendant restates and reincorporates its answers to Paragraphs 1 - 45 of the Second Amended Complaint as if fully set forth herein.

47. Defendant admits that Plaintiff purports to bring an action under § 448.101, *et seq.*, Florida Statutes, but denies it violated Plaintiff's rights in any manner or that it is liable to Plaintiff in any respect.

48. Defendant denies the allegations in Paragraph 48 of the Second Amended Complaint

49. Defendant denies the allegations in Paragraph 49 of the Second Amended Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Second Amended Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Second Amended Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Second Amended Complaint, denies that Plaintiff is entitled to any of the relief requested therein, and it further denies that it violated Plaintiff's rights in any manner or is liable to Plaintiff in any respect.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered WHEREFORE paragraph following the PRAYER FOR RELIEF heading, including subparagraphs (a) – (h).

## DEMAND FOR JURY TRIAL

Defendant denies there are any issues to be tried by a jury.

## GENERAL DENIAL

Defendant denies all allegations in the Second Amended Complaint not specifically admitted herein, and further denies all captions and headers.

## DEFENSES AND AFFIRMATIVE DEFENSES

In asserting the defenses and affirmative defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. As separate and distinct defenses and affirmative defenses to the allegations set forth in the Second Amended Complaint, Defendant asserts the following:

### FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's damages, if any, should be reduced by any benefits Plaintiff received from collateral sources or other off-sets or recoupments.

### THIRD DEFENSE

Plaintiff's claims for damages fail, in whole or in part, because he failed to reasonably mitigate his damages.

### FOURTH DEFENSE

Plaintiff's damages, if any, should be reduced to the extent he received income from employment or other sources subsequent to his employment with Defendant and/or by amounts earnable by Plaintiff with reasonable diligence.

## FIFTH DEFENSE

Plaintiff's claims fail and/or his recovery of damages is limited because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior, and/or Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to avoid harm otherwise.

## SIXTH DEFENSE

All actions taken with respect to Plaintiff's employment were based on legitimate, non-discriminatory reasons unrelated to any protected status.

## SEVENTH DEFENSE

Plaintiff's claims for damages are barred (or limited) to the extent it is shown he engaged in misconduct prior to, during, or in connection with his application for employment and/or employment that otherwise would have resulted in his discharge or his not being hired if such conduct were then known to Defendant.

## EIGHTH DEFENSE

All actions taken by Defendant with respect to Plaintiff's employment were in good faith and without any intent or motivation to discriminate.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches and unclean hands.

## TENTH DEFENSE

Defendant did not act with malice or reckless indifference to Plaintiff's rights. Furthermore, although Defendant denies that any unlawful actions occurred, assuming *arguendo* that an unlawful action occurred, the individuals engaging in such action(s) were acting outside the scope of their employment and there was no perceived risk of violating any law.

## ELEVENTH DEFENSE

To the extent some or all of Plaintiff's claims are barred procedurally, or by the applicable limitations period and/or are otherwise barred or preempted, Plaintiff is not entitled to recovery with respect to such claims.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer, bring any additional Affirmative Defenses that become known during the course of litigation of this matter, and/or withdraw any of the Affirmative Defenses stated herein after reasonable opportunity for appropriate discovery.

## REQUEST FOR ATTORNEYS' FEES

The Second Amended Complaint is without merit such that Defendant is entitled to an award of attorneys' fees under section 448.104, Fla. Stat., for having to defend this action.

**WHEREFORE**, Defendant respectfully requests that Plaintiff's claim for relief be denied in its entirety, that judgment be entered in favor of Defendant and against Plaintiff, that the Second Amended Complaint be dismissed with prejudice, that Defendant be awarded its reasonable attorneys' fees, disbursements, and costs, and that this Court award such other relief as it deems appropriate under the circumstances.

Dated this 9th day of November, 2021.

Respectfully submitted,

By: */s/ B. Tyler White*
B. Tyler White
Florida Bar No. 038213
Tyler.White@jacksonlewis.com
M. Megan Coughlin
Florida Bar No. 113667
Megan.Coughlin@jacksonlewis.com

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, Florida 32202
Telephone:  (904) 638-2655
Christina.Ridder@jacksonlewis.com
Jacksonville.Docketing@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2021, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and a copy will also be sent via e-mail to:

| | |
|---|---|
| Marie Mattox, Esq.<br>MARIE A. MATTOX, P.A.<br>310 East Bradford Road<br>Tallahassee, FL  32303<br>marie.@mattoxlaw.com<br>marlene@mattoxlaw.com | Thomas L. Dickens, III, Esq.<br>Morgan & Morgan, P.A.<br>20 N. Orange Avenue, Suite 1600<br>Orlando, FL 32801<br>tdickens@forthepeople.com<br>rnfermaint@forthepeople.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

                                                */s/ B. Tyler White*
                                                Attorney

4812-5472-6128, v. 2